UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMALDEEP S. SAGOO,<br><br>                              Plaintiff,<br><br>    v.<br><br>HYATT CORP., et al.,<br><br>                              Defendants. | Case No.:  15cv2052 BTM (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On May 27, 2016, Defendant Hyatt Corporation filed a motion for summary judgment. (ECF No. 10.) For the reasons discussed below, Defendant's motion is **DENIED in part** and **GRANTED in part**.

## I. BACKGROUND

Plaintiff Kamaldeep Sagoo was hired in 2008 by Defendant Hyatt Corporation as an IT Coordinator to work at the Manchester Grand Hyatt ("Manchester Grand") in San Diego. (Compl., ECF No. 1-3, ¶ 4.) Plaintiff was born in England but is of Indian descent and ascribes to the religion of Sikhism. (Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n"), ECF No. 11, at 1.) As part of his religious beliefs, Plaintiff wears a turban when in public places and maintains facial hair. (Pl.'s Opp'n 1.) The IT Manager at the time of Plaintiff's hiring, Jaideep Singh,

is also of Indian descent, and also wore a turban and maintained facial hair while working at the Manchester Grand. (Pl.'s Opp'n 1.) Plaintiff alleges that he and Mr. Singh were the only two employees at the Manchester Grand to wear turbans and maintain facial hair in fidelity to their faith. (Pl.'s Opp'n 1.)

In May 2009 Plaintiff was given a raise and promoted to Assistant IT Manager by then General Manager Ted Kanatas. (Decl. of Pl. Kamaldeep Sagoo ¶ 11, attached to Pl.'s Opp'n, ECF No. 11-1.)[1] In late 2010, John Schafer—a white male—replaced Mr. Kanatas as the General Manager of the Manchester Grand. (Sagoo Decl. ¶ 13.) Plaintiff alleges that after Mr. Schafer became General Manager, Plaintiff received comments regarding the appearance of his turban and beard. (Sagoo Decl. ¶ 16.) Plaintiff also alleges that following Mr. Schafer's hiring, there was a top down edict by which departments were directed to enforce personal grooming and professional appearance policies. (Pl.'s Opp'n 4; Dep. of Kevin Lee, attached to Pl.'s Opp'n as Ex. 2.) Plaintiff asserts that such policies were specifically intended for his harassment. (Pl.s' Opp'n 5.)

During his employment, Plaintiff received the "Rising Star of the Month" award on three occasions—in October 2010, July 2012, and May 2014. (Decl. of John Schafer, attached to Def.'s Mot. for Summ. J. ("Def.'s MSJ"), ECF No. 10-2, ¶ 7.) The "Rising Star of the Month" award is given based on outstanding job performance. (Shafer Decl. ¶ 7.) Plaintiff also received the "Rising Star of the Year" award in December of 2012. (Shafer Decl. ¶ 7.)

In April 2014 Mr. Singh left his position as the Regional IT Director. (Sagoo Decl. ¶ 25.) Plaintiff applied for the position but was allegedly passed over by an underqualified white male. (Pl.'s Opp'n 9-10.)

//

---

[1] Defendant submitted objections to evidence presented by the Plaintiff in support of his opposition. The Court did not rely on any of the objected-to evidence in reaching a decision in this case, and therefore does not address the merit of Defendant's objections.

In August 2014 Plaintiff was allegedly involved in a physical altercation with another employee, Cathy Gomez, when Plaintiff responded to Ms. Gomez's service call. (Schafer Decl. ¶ 9; Sagoo Decl. ¶ 8.)

Although there is security footage of the altercation, the parties' description of the event differs. Defendant asserts that Plaintiff became agitated with Ms. Gomez because she was on a call; that Plaintiff forcefully squeezed her right arm and told her she needed to hang up; that Plaintiff slammed the phone down on the receiver; and that Ms. Gomez's right arm was bruised as a result. (Def.'s MSJ 3.) Mr. Schafer states that the security footage corroborated Ms. Gomez's account of Plaintiff's physically aggressive behavior. (Schafer Decl. ¶ 10.)

On August 15, 2014, approximately one week after the altercation, Plaintiff was called into a meeting with the Assistant Director of Human Resources, Ms. Gomez, Ms. Gomez's supervisor, Plaintiff's supervisor, and the Director of Finance, to discuss the event. (Sagoo Decl. ¶ 28.) At the meeting, and after hearing Ms. Gomez's version of the event, Plaintiff asserted that he only lightly touched Ms. Gomez's arm as he helped fix her IT problem. (Sagoo Decl. ¶ 28.) On August 18, 2014, the security footage of the altercation was shown at a subsequent meeting with the same people. (Sagoo Decl. ¶ 30.) Plaintiff stated at the meeting, that the video footage corroborated his version of the event—an opinion he maintains in the instant case. (Sagoo Decl. ¶ 31.)

Ultimately, Plaintiff was terminated on August 20, 2014, for violating hotel policy by engaging in unprofessional conduct. (Sagoo Decl. ¶ 33; Separation of Employment Form, attached to Pl.'s Opp'n as Ex. 22.)

Plaintiff's Complaint alleges two causes of action: wrongful termination and breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 7-14.) Plaintiff maintains that the physical altercation which resulted in his termination was merely a pretext for his termination because of his race, national origin, and religion. (Compl. ¶ 5.) Defendant filed a motion for summary judgment on May 27,

2016, seeking judgment as a matter of law on both of Plaintiff's claims. (ECF No. 10.)

## II. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn //

from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Defendant argues that it is entitled to summary judgment on both of Plaintiff's claims. As discussed below, the Court finds that Defendant is entitled to judgment on Plaintiffs' breach of implied covenant claim, but not on Plaintiff's wrongful termination claim.

## A.   Wrongful Termination Claim

Plaintiff alleges that Defendant's conduct constitutes disparate treatment discrimination under the California Fair Employment and Housing Act ("FEHA"), codified as California Government Code § 12940, et seq. Federal courts sitting in diversity apply the McDonnell Douglas burden-shifting scheme when entertaining motions for summary judgment in employment discrimination cases arising under state law. See Zienali v. Ratheon Co., 636 F.3d 544, 552 (9th Cir. 2011). Under this framework,

> [T]he employee must first establish a prima facie case of discrimination. If he does, the employer must articulate a legitimate, nondiscriminatory reason for the challenged action. Finally, if the employer satisfies this burden, the employee must show that the reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence.

Id. (quoting Dawson v. Entek Int'l, 630 F.3d 928, 934-35 (9th Cir. 2011)).

### 1.   Prima Facie Case

To establish a discrimination claim under the FEHA, a plaintiff must provide evidence that "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3)

he suffered an adverse employment action . . . , and (4) some other circumstance suggests discriminatory motive." Guz v. Becthel Nat'l, Inc., 24 Cal. 4th 317, 354-55 (2000) (citations omitted).

Here, Plaintiff has established a prima facie case for discrimination. Plaintiff is of Indian descent and a member of the Sikh faith. (Compl. ¶ 1.) Plaintiff worked for six years in the IT department for Defendant, and received the "Rising Star of the Month" award on multiple occasions throughout his tenure. (Compl. ¶ 5.) Finally, Plaintiff alleges that he was terminated from his employment because his facial hair and turban were deemed "unprofessional" by Defendant's management team.

### 2.   Legitimate, Nondiscriminatory Reason

Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to produce "admissible evidence sufficient to . . . justify a judgment for the employer that its action was taken for a legitimate, nondiscriminatory reason." Guz, 24 Cal. 4th at 355-56. (internal citations and quotations omitted). Here, Defendant asserts that Plaintiff was terminated because of an inappropriate physical altercation with another employee. The Court finds that this is a legitimate, nondiscriminatory reason for terminating Plaintiff.

As discussed above, Plaintiff was involved in an altercation with another employee. In his declaration and at his deposition, John Schafer stated that he decided to terminate Plaintiff after reviewing the video and discussing the altercation with Plaintiff's supervisors and other hotel staff. Moreover, Defendant states that the termination was consistent with discipline placed on other employees who engaged in similar misconduct. Accordingly, Defendant has offered a legitimate, nondiscriminatory reason for terminating plaintiff.

### 3.   Pretext

If a defendant establishes that it had a legitimate, nondiscriminatory reason for terminating the plaintiff, the burden shifts back to the plaintiff to "attack the

employer's proffered reasons as pretext for discrimination, or to offer any other evidence of discriminatory motive." <u>Guz</u>, 24 Cal. 4th 356. This can be done "via (1) direct evidence of the employer's discriminatory motive or (2) indirect evidence that undermines the credibility of the employer's articulated reasons." <u>Noyes v. Kelly Servs.</u>, 488 F.3d 1163, 1170-71 (9th Cir. 2007).

Here, as in most cases, no direct evidence exists demonstrating a discriminatory intent in terminating Plaintiff. When no direct evidence exists, the plaintiff can come forward with "specific" and "substantial" circumstantial evidence in order to create a triable issue with respect to an employer's discriminatory motive. <u>Goodwin v. Hunt Wesson, Inc.</u>, 150 F.3d 1217, 1222 (9th Cir. 1998). The employee must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder would rationally find them unworthy of credence." <u>Hersant v. Dep't of Soc. Servs.</u>, 57 Cal. App. 4th 997, 1005 (Cal. Ct. App. 1997).

Plaintiff proffers the following evidence in support of his argument that the altercation was merely a pretext for his termination: that the "personal grooming" and "professional appearance" policy was meant to harass Plaintiff and the other Indian employee, Mr. Singh; that Plaintiff was passed over for the IT Manager position in favor of an underqualified white male; that Gomez's testimony regarding the altercation is inaccurate and unsupported by the security footage; and that the investigation following the altercation was inadequate and failed to account for eye-witness testimony.

Plaintiff raises a genuine issue of material fact as to the credence of Defendant's legitimate, nondiscriminatory reason for Plaintiff's termination. Specifically, Plaintiff's declaration includes a statement of the events that took place during the altercation with Ms. Gomez that directly conflicts with Defendant's statement. Therefore, Plaintiff raises a material issue of fact regarding the

circumstances of the altercation. This discrepancy, combined with the personal grooming policy that was instituted after the onset of Plaintiff's employment and the remarks related to Plaintiff's turban, could lead a reasonable factfinder to infer that the alleged altercation between Plaintiff and Ms. Gomez was merely a pretext for discrimination.

Accordingly, Defendant's motion for summary judgment on Plaintiff's wrongful termination claim is **DENIED**.

## B.    Breach of Implied Covenant

Defendant also moves for summary judgment on Plaintiff's second claim for breach of the implied covenant of good faith and fair dealing. Plaintiff alleges that Defendant failed to comply with the policies and procedures outlined in its employee handbook regarding disciplinary procedures. As discussed below, Defendant is entitled to summary judgment because Plaintiff's employment was "at will."

Under California law, "the implied covenant of good faith and fair dealing cannot be invoked to contradict an agreement between the parties that the employment contract is terminable at the will of either party." DeHorny v. Bank of Am. Nat'l Trust and Savs. Ass'n, 879 F.2d 459, 466 (9th Cir. 1989). Here, Plaintiff signed an "Acknowledgement of Associate Handbook," which states: "I understand my employment is 'at will.' This means that I am free to separate my employment at any time, for any reason, and Hyatt has these same rights. Nothing in this handbook is intended to change my at-will status." (ECF No. 10-5, p. 63.)

Regardless of whether or not the employee handbook created a binding contract, Plaintiff was an at will employee. Moreover, the employee handbook specifically states that, depending on the circumstances, disciplinary action for a violation of Defendant's policies may result in separation of employment. (ECF No. 10-5, p. 63.) Here, Defendant maintains that Plaintiff's conduct in the alleged

altercation with Ms. Gomez violated company policy and resulted in Plaintiff's termination. (Def.'s MSJ 4.)

Because Plaintiff had an "at will" employment contract, Defendant's motion for summary judgment on Plaintiff's breach of implied covenant claim is **GRANTED**.[2]

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

Dated: October 11, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court

---

[2] The Court is aware that Plaintiff requested oral argument in his opposition. However, because the Court denies Defendant's motion for summary judgment on the wrongful termination claim, and because the Plaintiff did not oppose Defendant's motion for summary judgment on the breach of implied covenant claim in his brief, oral argument is unnecessary.

15cv2052 BTM (BGS)